SONCO STEEL TUBE DIV. FERRUM, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND LONE STAR STEEL CO., DEFENDANT-INTERVENOR

Court No. 86-07-00899

(Decided October 3, 1990)

*Dow Lohnes & Albertson* (*William Silverman* and *Ryan Trainer*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, (*Jeanne E. Davidson*), for defendant; (*Craig L. Jackson*) Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant.
*Akin, Gump, Strauss, Hauer & Feld* (*Valerie A. Slater*) for defendant-intervenor.

## OPINION

RESTANI, *Judge*: Plaintiff seeks to reopen this matter and to obtain a permanent injunction requiring liquidation of entries at duty rates compatible with the court's interlocutory decisions in this unfair trade proceeding. The governmental defendant opposes reopening on the grounds that the action challenging the administrative determination was terminated by voluntary dismissal; therefore, in its view reopening for purposes of considering injunctive relief would be improper.[1]

The court rendered two remand decisions in this matter.[2] Following the first remand, the Department of Commerce (Commerce) determined that the applicable duty rate should be somewhat lower than its original rate. This change resulted from reconsideration of one of three issues remanded to Commerce. That issue was addressed in Count I of the Amended Complaint. Following a stipulation of dismissal of Count II of the complaint, an order of dismissal, signed by the deputy clerk, was entered which reads as follows:

This Court, having affirmed in part, the remand determination of the Department of Commerce, International Trade Administra-

---

[1] Defendant-intervenor takes no position.

[2] *See Sonco Steel Tube Division Ferrum, Inc. v. United States*, 12 CIT 745, 694 F. Supp. 959 (1988) and *Sonco Steel Tube Division Ferrum, Inc. v. United States*, 13 CIT 409, 714 F. Supp. 1218 (1989).

tion, dated November 1, 1989 and noting that all the parties appearing in this action have stipulated to the dismissal to the only remaining unresolved count of the complaint, orders that the case listed in the schedule set forth above is hereby dismissed with prejudice.

While this is not the simple voluntary dismissal that the governmental defendant claims it is, neither is it, on its face, a indication of what Commerce is to do. Apparently, Commerce is now treating some entries in accordance with the determination made after the first remand. Commerce, however, has not seen fit to liquidate and refund duties deposited on a group of older entries, in accordance with the new determination. For this reason plaintiff seeks reopening and leave to seek a permanent injunction prohibiting liquidation according to the original determination.

As this court reads the applicable statute once the court has enjoined liquidation of entries at the duty rates established pursuant to Commerce's original determination, all enjoined entries are to be liquidated in accordance with the "final court decision in the action." 19 U.S.C. § 1516a(e) (1988).[3] Because an injunction was issued in this case, liquidation of entries made both before and after publication of the court decision adverse to Commerce's determination would be governed by the final decision of the court. *Id.* Obviously, a final judgment in the form of a permanent injunction would make clear Commerce's duties with regard to liquidation, but judgment in such form may not be required. If this particular form problem were the only issue, amendment of the judgment would seem appropriate. An additional question arises, however, as to whether a "final court decision," in the sense intended by the statute, ever occurred or was intended to occur.

What the parties chose to accomplish by the language employed in the dismissal order and the type of dismissal chosen is not perfectly clear. The court is unaware of the terms of settlement among the parties, or even if a settlement agreement exists. To be consistent, if Commerce considered a "final decision" of the court to have been entered it would be expected to liquidate all entries in accordance with the court's remand decision, because of the earlier injunction of liquidation, not just entries made following publication. It is possible, of course, that Commerce chose to liquidate only some entries at the new rate because of a settlement or some other reason known to Commerce, other than the

---

[3] 19 U.S.C. § 1516a(e) reads as follows:

(e) Liquidation in accordance with final decision

If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit—

(1) entries of merchandise of the character covered by the published determination of the Secretary, the administering authority, or the Commission, which is entered, or withdrawn from warehouse, for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of a notice of the court decision, and

(2) entries, the liquidation of which was enjoined under subsection (c)(2) of this section,

shall be liquidated in accordance with the final court decision in the action. Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.

existence of a "final decision." Unfortunately, the court has no information on this matter.

*Timken Company v. United States*, 89-1489 at 9-10 (Fed. Cir. Jan. 4, 1990) (discussing *Melamine Chemicals, Inc. v. United States*, 732 F.2d 924 (Fed. Cir. 1984)) makes clear that court decisions remanding agency unfair trade determinations are not "final decisions" under 19 U.S.C. § 1516(e).[4] Under the facts of this case the agreed upon dismissal may constitute the requisite "final decision," as it is not clear that any further steps remained to be taken in the case. If defendant's complaint is that the final order was not signed by a judge, the entry of a similar order by a judge of the court would seem to be a technicality easily remedied, assuming *arguendo* that this is a problem.

The court suspects that the real dispute here involves the original granting of an injunction against liquidation, which defendant opposed. The form of order also may reflect a lack of mutual understanding among the parties as to the effects of the original injunction given the then unsettled state of the law in this area.

Because the basis of Commerce's actions and the facts surrounding the entry of the order of dismissal are unclear the court cannot grant plaintiff's simple motion for relief from operation of judgment based on this record. The court instead accepts the motion for relief from judgment, but directs plaintiff within twenty days to present appropriate arguments and evidence, if any, in support of the motion and to include therewith any motion to include a permanent injunction arising from a final court decision within a new judgment. Defendant has twenty days to respond to all aspects of the motion.

---

[4] *See also Timken*, note 6 ("We do, however, agree that a decision must be 'final' in the sense that the CIT has entered final judgment in order to require publication of notice under 1516a(c)(1) and (e).") and *Smith Corona Corp. v. United States*, Nos. 89-1387, 89-1388, 89-1389, 89-1398, 89-1399, 89-1400 (Fed. Cir. Sept. 26, 1990) (decision of the Court of International Trade is controlling when rendered and must be published within 10 days, citing 19 U.S.C. § 1516a(c)(1)).